IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TYSHEED DAVIS,<br>    Plaintiff<br><br>v.<br><br>IN THE UNITED STATES<br>DISTRICT COURT FOR THE<br>EASTERN DISTRICT<br>OF PENNSYLVANIA, *et al.*,<br>    Defendants | CIVIL ACTION NO. 22-CV-2477 |

## MEMORANDUM

**PRATTER, J.**                                                                                   AUGUST /6, 2022

    Tysheed Davis, a convicted prisoner currently designated to SCI-Dallas, brings this *pro se* civil action, naming as defendants "In the United States District Court for the Eastern District of Pennsylvania" and "Criminal Justice Center CJC." Mr. Davis seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Mr. Davis leave to proceed *in forma pauperis* and dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### I.     FACTUAL ALLEGATIONS

    Mr. Davis's Complaint is sparse. Mr. Davis states that he seeks the Court's assistance in having his "case un-time-barred." (Compl. at 2-3.)[1] Because he claims that the events giving rise to his claim occurred on June 7, 2022, the Court understands Mr. Davis to refer to the Court's June 7, 2022 decision in *Davis v. The City of Philadelphia Police Department*, Civil Action No. 21-5701, which dismissed certain of Mr. Davis's claims with prejudice as time-barred by the statute of limitations. (*See* Civ. A. No. 21-5701, ECF Nos. 9 and 10.) Mr. Davis

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

states that he "want[s] the court to investigate this case and not time-barred me, and if not receive 10 million dollars back for pain and suffering." (Compl. at 4.)

## II. STANDARD OF REVIEW

The Court will grant Mr. Davis leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[2] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, requiring the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "At this early stage of the litigation, [the Court will] accept the facts alleged in [the *pro se*] complaint as true, draw[] all reasonable inferences in [the plaintiff's] favor, and ask only whether [that] complaint, . . . contains facts sufficient to state a plausible [] claim." *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (internal quotations omitted). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. Because Mr. Davis is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## III. DISCUSSION

While not entirely clear, it appears that Mr. Davis is asserting claims under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and 42 U.S.C.

---

[2] Because Mr. Davis is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

§ 1983, regarding perceived violations of his rights in a previous civil rights matter before this Court. However, there is no basis for such claims.

Mr. Davis looks to sue the District Court. "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). The United States District Court for the Eastern District of Pennsylvania is part of the judicial branch of the federal government, and is therefore entitled to sovereign immunity absent a waiver. *See Alston v. Admin. Offices of Delaware Courts*, 663 F. App'x 105, 108 (3d Cir. 2016) *(per curiam)*; *Dambach v. United States*, 211 F. App'x 105, 107 (3d Cir. 2006) *(per curiam)* (explaining that "[a] *Bivens* action is not available against the United States or one of its agencies"). Because sovereign immunity has not been waived to allow for the type of claims asserted by Mr. Davis against the Court, Mr. Davis's claims against the United States District Court for the Eastern District of Pennsylvania will be dismissed. *See Brown v. United States Dist. Ct. for E. Dist. of Pennsylvania*, 740 F. App'x 239, 240 (3d Cir. 2018) *(per curiam)* (affirming dismissal of claims against the United States District Court for the Eastern District of Pennsylvania on sovereign immunity basis).

Mr. Davis's claims against the Criminal Justice Center also are defective. It is well-established that federal civil rights claims against a courthouse or judicial center are not cognizable under 42 U.S.C. § 1983, which permits suit against a "person" only. *See West v. Atkins*, 487 U.S. 42, 48 (1988) ("To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."). The CJC is not a "person" for purposes of § 1983. *Taylor v. Dist. Att'ys Off.*, 802 F. App'x 701, 705 (3d Cir.) *(per curiam)*, *cert. denied sub nom. Taylor v. Pennsylvania*, 141 S. Ct. 121 (2020); *see also*

*Elansari v. United States*, No. 15-1461, 2016 WL 4415012, at *5 n.9 (M.D. Pa. July 11, 2016) (explaining that a courthouse is not a "person" subject to suit).

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Mr. Davis's Complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Leave to amend will not be given because any attempt to amend in order to pursue any similar claim against these proposed defendants would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002). An appropriate order follows, dismissing this case.

BY THE COURT:

_____
GENE E.K. PRATTER, J.